UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILEBERTO VALTIERRA,<br><br>  Petitioner,<br><br>  v.<br><br>STEVE SMITH,<br><br>  Respondent. | Case No. 1:24-cv-00778-HBK (HC)<br><br>ORDER FOR CLARIFICATION REGARDING MIXED PETITION[1]<br><br>(Doc. No. 1, 4) |

Petitioner Hileberto Valtierra ("Petitioner"), a state prisoner proceeding pro se, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was docketed on July 3, 2024. (Doc. No. 1, "Petition"). Petitioner accompanied his Petition with a "motion to request for stay and abeyance of mixed federal habeas petition." (Doc. No. 4, "Motion"). On August 21, 2024, Respondent filed an response to the Motion stating opposition to a *Rhines* stay and non-opposition to a *Kelly* stay. Petitioner filed a reply requesting a stay under *Rhines*, or in the alternative, an opportunity to dismiss the entire Petition without prejudice in order for him to fully exhaust his unexhausted claims and re-file a fully exhausted Petition. (Doc. No. 16).

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1    For the reasons set forth more fully below, the Court orders clarification from Petitioner as
2 to how he wishes to proceed with his mixed petition at this time.

## APPLICABLE LAW AND ANALYSIS

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is not a jurisdictional issue but is based on comity to permit the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Exhaustion is determined on a claim-by-claim basis. *Insyxieng-May v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005). And the burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Petitioner raises twelve claims in his Petition. (Doc. No. 1). He notes the following grounds for relief are fully exhausted: (1) violation of Petitioner's constitutional right to public trial; (2) violation of his constitutional right to self-representation; (3) violation of his constitutional right to confrontation; and (4) violation of his constitutional right to "effective cross-examination" because certain evidence was excluded at trial. (*Id*. at 7-13). However, Petitioner acknowledges that the following grounds for relief are not exhausted, and indicates he has pending a petition for writ of habeas corpus in state court in order to fully exhaust these claims of: (5) actual innocence; (6) *Brady* violation as prosecution failed to disclose exculpatory evidence; (7) ineffective assistance of trial counsel; (8) prosecutorial misconduct during closing

arguments; (9) trial court error in allowing jury to view "extrinsic evidence" during deliberations; (10) trial court failure to instruct jury on affirmative defense of "unconsciousness"; (11) trial court failure to instruct jury on "involuntary manslaughter"; and (12) denial of access to discovery materials in order to prepare post-conviction petitions. (*Id*. at 14-22).

Federal courts cannot consider petitions that contain both exhausted and unexhausted claims, often referred to as "mixed" petitions. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding a district court must dismiss a federal habeas petition containing both unexhausted and exhausted claims). The filing of a mixed petition renders it subject to dismissal on its face. *Id.* at 519. To remedy this problem, a petitioner may, at his option, withdraw the unexhausted claims and go forward only with the exhausted claims. *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000) ("district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). Alternatively under certain circumstances and as long as adequately supported, a petitioner may seek leave to amend or to seek a stay and abeyance of the federal habeas action while the petitioner exhausts any unexhausted claims in state court. *See Dixon v. Baker*, 847 F.3d 714, at 719 (9th Cir. 2017) ("we have repeatedly warned the district courts that they 'may not dismiss a mixed petition without giving the petitioner the opportunity to delete the unexhausted claims .... This warning is compelled by the fact that, unless either a stay of the habeas proceedings or leave to delete the unexhausted claims is granted, a federal habeas petitioner will lose the opportunity to have his properly exhausted federal claims heard in federal court simply because they were submitted in a mixed petition.").

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief: one provided for by *Rhines v. Weber*, 544 U.S. 269 (2005), and the other by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). While Respondent did not oppose a stay under *Kelly*, Petitioner has indicated he wishes to pursue a stay under *Rhines*. (Doc. No. 16). Under *Rhines*, stay and abeyance is appropriate if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S.

at 278; *Bolin v. Baker*, 994 F.3d 1154, 1156 (9th Cir. 2021).  Respondent argues Petitioner fails to provide any argument or evidence for not having exhausted grounds five through twelve in state court, and therefore has not provided the requisite good cause for his failure to exhaust under *Rhines*.  (Doc. No. 9 at 3-4) (citing *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) ("While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.")).

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust."  *Blake*, 745 F.3d at 980.  Although good cause under *Rhines* does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), "unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement," *Blake*, 745 F.3d at 981.  Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" his failure to exhaust his claims.  *Id*. at 982.  "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust."  *Id*.  Sister courts within our circuit have required, at a minimum, a showing of some "circumstance over which [a petitioner] had little or no control" that prevented him from asserting the unexhausted claim in state court.  *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1211 (E.D. Nev. 2006); *see Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005) (adopting the "good cause" standard of procedural defaults in which "a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him").

In his reply, Petitioner generally asserts that he "was not in possession of evidence pertaining to the claims until a later time and only learned and/or discovered these claims while investigating the others."  (Doc. No. 16 at 3).  However, as noted by Respondent, Petitioner states in the Petition that appellate counsel informed him he would need to file a state habeas petition to pursue grounds five through twelve either because they were outside the record or because his appellate attorney "chose not to raise them" on direct appeal.  (*See* Doc. No. 1 at 14-21).  Thus, upon cursory review, the Court is inclined to agree with Respondent that Petitioner does not

establish good cause for failing to exhaust claims five through twelve, as required to grant a stay under *Rhines*.

Also in his reply, Petitioner asks the Court to consider, in the alternative to a *Rhines* stay, a voluntary dismissal of the Petition without prejudice so he may re-file the entire petition after all his claims are exhausted. (Doc. No. 16 at 3). Petitioner calculates "roughly 11 months remaining on his AEDPA time clock." (*Id*. at 2). The Court makes no comment as to whether this estimate is correct, and cautions Petitioner that while the AEDPA limitations period is tolled while Petitioner has a pending state habeas petition raising the unexhausted claims, the limitations period is not tolled during the time in which his Petition or any other federal habeas petition has been pending in this Court. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2000). Finally, the Court notes that were Petitioner to voluntarily dismiss the entire Petition, his filing of a new petition after fully exhausting his claims would not be considered second or successive. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

In light of the foregoing, the Court seeks clarification from Petitioner on how he wishes to proceed on the alternative requests presented in his reply brief.

Accordingly, it is **ORDERED**:

1. Petitioner must file a Notice as to whether he wishes to (1) proceed with his request for a *Rhines* stay, at which point the undersigned with enter Findings and Recommendations as discussed above, or (2) voluntarily dismiss his entire petition *without prejudice* to refiling once his claims are exhausted. Petitioner must deliver this Notice to correctional officials for mailing **no later than December 3, 2024**.

2. Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition as a mixed petition and/or for failure to prosecute or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

Dated:   November 12, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE