UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILEBERTO VALTIERRA,<br><br>            Petitioner,<br><br>    v.<br><br>STEVE SMITH,<br><br>            Respondent. | Case No.  1:24-cv-00778-KES-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO STAY UNDER *RHINES*<br><br>(Doc. No. 4)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S CONSTRUED MOTION TO STAY UNDER *KELLY*<br><br>(Doc. No. 20)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Hileberto Valtierra ("Petitioner"), a state prisoner, initiated this action by constructively filing[1] a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 on June 26, 2024. (Doc. No. 1, "Petition"). Petitioner accompanied his Petition with a "motion to request for stay and abeyance of mixed federal habeas petition." (Doc. No. 4, "Motion"). After being directed by the Court, Respondent filed a response to the Motion on August 21, 2024. (Doc. No. 9). After being granted an extension of time, Petitioner filed a reply on October 21, 2024. (Doc No. 16). After review of the reply, the Court directed Petitioner to clarify how he wished to

---

[1] Under the mailbox rule the Court deems a petition filed on the date it was signed and certified that it was placed in the prison mailing system as opposed to the date of docketing.

1  proceed on his mixed petition on November 12, 2024. (Doc. No. 17). On January 7, 2025,
2  Petitioner filed a response to the order for clarification, which the Court construes as a motion for
3  a stay under *Kelly*.[2] (Doc. No. 20). For the reasons set forth more fully below, the undersigned
4  recommends denying Petitioner's initial Motion to stay under *Rhines*[3] and recommends granting
5  Petitioner's construed motion to stay under *Kelly*.

6  **PROCEDURAL BACKGROUND**

7  Petitioner initiated this action pro se by filing a petition for writ of habeas corpus filed
8  under 28 U.S.C. § 2254, docketed on July 3, 2024. (Doc. No. 1). The Petition raises twelve
9  grounds for relief. (Doc. No. 1). The Petition challenges Petitioner's September 2020 sentence
10 and conviction entered by the Fresno Superior Court (F19908265). (*Id*. at 1). The Petition raises
11 the following grounds, which Petitioner claims are fully exhausted: (1) violation of Petitioner's
12 constitutional right to public trial; (2) violation of his constitutional right to self-representation;
13 (3) violation of his constitutional right to confrontation; and (4) violation of his constitutional
14 right to "effective cross-examination" because certain evidence was excluded at trial. (*Id*. at 7-
15 13). However, the Petition also identifies additional grounds, which Petitioner states are not
16 exhausted: (5) actual innocence; (6) *Brady* violation as prosecution failed to disclose exculpatory
17 evidence; (7) ineffective assistance of trial counsel; (8) prosecutorial misconduct during closing
18 arguments; (9) trial court error in allowing jury to view "extrinsic evidence" during deliberations;
19 (10) trial court failure to instruct jury on affirmative defense of "unconsciousness"; (11) trial
20 court failure to instruct jury on "involuntary manslaughter"; and (12) denial of access to
21 discovery materials in order to prepare post-conviction petitions. (*Id*. at 14-22). Petitioner states
22 he has a state petition for writ of habeas corpus pending in state court to fully exhaust these
23 unexhausted grounds. (*Id*.). Consequently, the Petition clearly qualifies as a prohibited "mixed
24 petition." *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (requiring all claims in a

---

[2] *Kelly v. Small*, 315 F.3d 1163 (9th Cir. 2003), overruled in part by *Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007)(noting that the district courts are not required to consider sua sponte the stay and abeyance procedure).
[3] *Rhines v. Weber*, 544 U.S. 269 (2005).

1 federal habeas petition to be "exhausted" before a federal district court can consider any of the
2 claims).

3    Petitioner filed a one-page motion acknowledging he filed a "mixed federal habeas
4 petition" and seeks "a stay and abeyance of his mixed petition" in order fully exhaust grounds
5 five through twelve. (Doc. No. 4, "Motion"). The Motion otherwise is devoid of argument or
6 any reasons in support of a stay. (*Id.*). Respondent filed a response to the Motion opposing a
7 *Rhines* stay but stating no opposition to a *Kelly* stay. (Doc. No. 9). Petitioner filed a reply
8 requesting a stay under *Rhines*, or in the alternative, an opportunity to dismiss the entire Petition
9 without prejudice so he may first fully exhaust his unexhausted claims and re-file a fully
10 exhausted Petition, attaching his state court filings regarding the unexhausted claims. (Doc. No.
11 16). Petitioner contends he has "a mass amount of AEDPA tolling time" so his unexhausted
12 claims will not be in "jeopardy." (*Id.* at 2). On November 12, 2024, the Court ordered Petitioner
13 to clarify how he wished to proceed on the alternative requests presented in his reply brief. (Doc.
14 No. 17). On January 7, 2025, Petitioner filed a "clarification to the Court," herein construed as a
15 motion for a stay pursuant to *Kelly*, as Petitioner indicated he would pursue a stay under *Kelly* if
16 the motion for a stay under *Rhines* was denied.

17 **APPLICABLE LAW AND ANALYSIS**

18    A petitioner in state custody who wishes to proceed on a federal petition for a writ of
19 habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). Exhaustion is a
20 "threshold" matter that must be satisfied before the court can consider the merits of each claim.
21 *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is not a jurisdictional
22 issue but is based on comity to permit the state court the initial opportunity to resolve any alleged
23 constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*,
24 455 U.S. at 518. To satisfy the exhaustion requirement, petitioner must provide the highest state
25 court with a full and fair opportunity to consider each claim before presenting it to the federal
26 court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364,
27 365 (1995). Exhaustion is determined on a claim-by-claim basis. *Insyxieng-May v. Morgan*, 403
28 F.3d 657, 667 (9th Cir. 2005). And the burden of proving exhaustion rests with the petitioner.

*Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Federal courts also cannot consider petitions that contain both exhausted and unexhausted claims, often referred to as "mixed" petitions. *See Rose v. Lundy*, 455 U.S. at 522 (holding a district court must dismiss a federal habeas petition containing both unexhausted and exhausted claims). The filing of a mixed petition renders it subject to dismissal on its face. *Id.* at 519. To remedy this problem, a petitioner may, at his option, withdraw the unexhausted claims and go forward only with the exhausted claims. *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000) ("district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). Alternatively, under certain circumstances and as long as adequately supported, a petitioner may seek leave to amend or to seek a stay and abeyance of the federal habeas action while the petitioner exhausts any unexhausted claims in state court. *See Dixon v. Baker*, 847 F.3d 714, at 719 (9th Cir. 2017).

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief: one provided for by the Supreme Court as set out in *Rhines*, 544 U.S. 269, and the other by the Ninth Circuit as set forth in *Kelly*, 315 F.3d 1063.

**A. *Rhines* Stay**

Petitioner has repeatedly clarified that he is first and foremost seeking a stay and abeyance of his Petition pursuant to *Rhines*. (Doc. Nos. 16, 20). Under *Rhines v. Weber*, a court may stay all the claims in a petition while the petitioner returns to the state courts to exhaust his already pled but unexhausted claims in his petition. 544 U.S. 269, 277-78 (2005). A stay and abeyance "should be available only in limited circumstances" because issuing a stay "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id*. Under *Rhines*, a stay and abeyance for a mixed petition, a petition that contains both exhausted and unexhausted claims, is available only where: (1) there is "good cause" for the failure to exhaust; (2) the

unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Id*.

Here, it is undisputed that Petitioner has not properly exhausted his state court remedies as to claims five through twelve in his Petition. As the Petition is "mixed," it is subject to dismissal on its face unless Petitioner can demonstrate he is entitled to a stay. Respondent argues Petitioner fails to provide any argument or evidence for not exhausting grounds five through twelve in state court, and therefore has not provided the requisite good cause for his failure to exhaust under *Rhines*. (Doc. No. 9 at 3-4) (citing *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) ("While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.")). The Court agrees.

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake*, 745 F.3d at 980. Although good cause under *Rhines* does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), "unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement," *Blake*, 745 F.3d at 981. Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" his failure to exhaust his claims. *Id*. at 982. "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." *Id*. Sister courts within our circuit have required, at a minimum, a showing of some "circumstance over which [a petitioner] had little or no control" that prevented him from asserting the unexhausted claim in state court. *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1211 (E.D. Nev. 2006); *see Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005) (adopting the "good cause" standard of procedural defaults in which "a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him").

In his reply, Petitioner generally asserts that he "was not in possession of evidence pertaining to the claims until a later time and only learned and/or discovered these claims while investigating the others." (Doc. No. 16 at 3). However, as pointed out by Respondent, Petitioner

5

states in the Petition that appellate counsel instructed him that he would need to file a state habeas petition to pursue grounds five through twelve either because they were outside the record or because his appellate attorney "chose not to raise them" on direct appeal. (*See* Doc. No. 1 at 14-21; Doc. No. 9 at 3-4 (noting Petitioner would have known the factual predicate of grounds seven, eight, nine, ten and eleven by the conclusion of trial, ground five actual innocence "all along," and grounds six and twelve by the early stages of direct appeal)). Moreover, Petitioner fails to submit any record of "later-discovered" evidence not in his possession or identify any "objective factor" beyond his control that prevented him from asserting unexhausted claims in state court such that it would justify his failure to exhaust claims five through twelve. *See Blake*, 745 F.3d at 981; *see also McCarter v. Broomfield*, 2022 WL 17405879, at *3 (E.D. Cal. Dec. 1, 2022) ("the court finds that petitioner has not supported his explanation with sufficient evidence to justify his failure to previously exhaust his claims in state court."). Petitioner's "bald assertion" of good cause that falls far short of satisfying the "good cause" requirement. *Blake*, 745 F.3d at 982.

Because the Court finds Petitioner has not established the good cause requirement, it need not address the other *Rhines* requirements. Based on Petitioner's failure to satisfy the good cause requirement, the undersigned recommends that Petitioner's motion to stay under *Rhines* be denied.

**B. *Kelly* Stay**

Under *Kelly*, a petitioner need not meet the "good cause" requirement. If granted a *Kelly* stay, "(1) a petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition." *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

In response to Petitioner's motion to stay, Respondent indicated no opposition to a stay pursuant to *Kelly*. (Doc. No. 9). In his reply, Petitioner did not directly address whether he would pursue a *Kelly* stay aside from generally asserting that his unexhausted claims were not in jeopardy of being time-barred. (Doc. No. 16). However, in the instant construed motion for a

*Kelly* stay, Petitioner notifies the Court that he "does not object to a stay under Kelly if for whatever reason Petitioner has not properly presented good cause for a stay under Rhines as long as no claims are being forfeited from being presented to this court upon fully exhausting them in the California Supreme Court." (Doc. No. 20).

In the Court's November 12, 2024 Order requesting clarification from Petitioner regarding the mixed petition, the Court notified Petitioner that the AEDPA limitations period is tolled while Petitioner has a pending state habeas petition, but not during the time his Petition or other federal habeas petition is pending in this Court. (Doc. No. 17 at 5). Similarly, the Court again cautions Petitioner that the *Kelly* procedure is a riskier one for a habeas petitioner because it does <u>not</u> protect the unexhausted claims from becoming time-barred during the stay. *See King,* 564 F.3d at at 1140-41; *see also Duncan*, 533 U.S. at 178 (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations). Under *Kelly*, a petitioner is only allowed to amend newly-exhausted claims back into his federal petition if the claims are timely under AEDPA or "relate back" to the exhausted claims in the pending petition. *Kelly*, 315 F. 3d at 1140-41; see also *Mayle v. Felix*, 545 U.S. 644, 662-64 (2005); *Stein v. Director of Corrections*, 2009 WL 4755727, at *2 (E.D. Cal. Dec. 8, 2009). The Court does render legal advice and cannot at this stage determine filing deadlines in state court as to whether the dismissed grounds will be timely under AEDPA once exhausted. The Court can only inform Petitioner that he is not entitled to tolling of AEDPA statute of limitations under a *Kelly* stay.

Based upon the foregoing, the undersigned recommends denying a *Rhines* stay and granting Petitioner's unopposed construed request for a stay under *Kelly*.

Accordingly, it is **RECOMMENDED**:

1. Petitioner's Motion for Stay and Abeyance under *Rhines* (Doc. No. 4) be DENIED.

2. Petitioner's construed Motion for Stay under *Kelly* (Doc. No. 20) be GRANTED, and Petitioner be directed to file a First Amended Petition within twenty-one (21) days deleting the following unexhausted grounds contained in his Petition: (5) actual innocence; (6) *Brady* violation as prosecution failed to disclose exculpatory

evidence; (7) ineffective assistance of trial counsel; (8) prosecutorial misconduct during closing arguments; (9) trial court error in allowing jury to view "extrinsic evidence" during deliberations; (10) trial court failure to instruct jury on affirmative defense of "unconsciousness"; (11) trial court failure to instruct jury on "involuntary manslaughter"; and (12) denial of access to discovery materials in order to prepare post-conviction petitions.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     January 10, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE